```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**NALONE STALLINGS,**

    **Movant,**

v.                                    **Case No. 2:04-cr-00176**
                                                                        **Case No. 2:06-cv-00845**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's ("Defendant's") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (docket # 83), which was filed on October 2, 2006. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the government's brief filed in Defendant's appeal (# 88, Ex. A, at 3), during the summer of 2004, a confidential informant working with United States Drug Enforcement Agency ("DEA") agents made two controlled purchases of cocaine from Defendant. On August 8, 2004, 13.9 grams were purchased for $700; on August 12, 2004, 27.8 grams were bought for $1,290. A search warrant executed at Defendant's residence on August 17, 2004 yielded 38 grams of cocaine and two loaded firearms. <u>Id.</u>

Subsequent to his arrest, Defendant was advised of his Miranda rights[1], and confessed to distributing substantial quantities of cocaine since 1997.  Id., at 4.

On September 14, 2004, Defendant was indicted on two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1)(# 13).  Defendant retained Geoffrey I. Ekenasi to represent him.  Prior to trial, Defendant agreed to plead guilty to the first count of the indictment, relating to the August 8, 2004 controlled buy (# 26).  Defendant entered his guilty plea on October 26, 2004 (# 25).

A sentencing hearing was conducted on February 24, 2005.  The presentence report attributed more than seven kilograms of cocaine as relevant conduct.  With a two-level enhancement for the firearms and a three-level reduction for acceptance of responsibility, Defendant's Total Offense Level was calculated to be 31, and his Criminal History Category was II, with a resulting guideline range of 135 to 168 months.  Defendant lodged objections to the quantity of cocaine (challenging his confession), the firearm enhancement, and the calculation of his criminal history.  During the hearing, the United States conceded a reduction of the Criminal History category to I.  (# 57, at 6-7.)  Defendant withdrew his objections to the relevant conduct calculation and the firearms enhancement.  Id., at 7-14.

In light of the reduction in criminal history, the presiding

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

District Judge, the Honorable John T. Copenhaver, Jr., concluded that Defendant was subject to an advisory guideline range of 108 to 135 months. Id., at 14-15. After allocution, Judge Copenhaver sentenced Defendant to 108 months of imprisonment. Id., at 21.

Defendant's direct appeal was unsuccessful, the Fourth Circuit finding that Defendant's sentence was reasonable. United States v. Stallings, 155 Fed. Appx. 662, 2005 WL 3134094 (4th Cir. 2005). Defendant did not file a petition for a writ of certiorari.

On October 2, 2006, Defendant filed the instant section 2255 motion (# 83). He raises three grounds for relief:

> 1. The government breached the plea agreement entered in this case, and counsel was ineffective in failing to raise the claim.
> 2. Petitioner's sentence exceeded the required guidelines range, and counsel was ineffective in failing to raise the claim.
> 3. This court has the power to reward this Petitioner for his cooperation even absent a motion from the government, and counsel was ineffective in failing to raise the claim.

On November 13, 2006, pursuant to the undersigned's order (# 86), the United States filed a Response to Defendant's section 2255 motion (# 88). The United States contends:

> I. Defendant's motion to vacate sentence is substantially an attempt to re-litigate issues fully resolved against him on direct appeal.
> II. Defendant has failed to demonstrate that he received constitutionally defective representation in the court of his trial.

Defendant has not filed a reply brief. The matter is ripe for determination.

3

## ANALYSIS

**A. Alleged breach of the plea agreement.**

In Ground One of his motion, Defendant notes that paragraph 9(f) of the plea agreement includes a provision that "the United States reserves the right to . . . [a]dvise the Court concerning the nature and extent of Mr. Stallings's cooperation . . .." He asserts that the government was silent at sentencing, "failed to come forward" to advise the Court of Mr. Stallings's cooperation, and failed to file a motion for reduction of sentence based on Defendant's substantial assistance to law enforcement. (# 83 at 2). He contends that the government's promise in the plea agreement of a Rule 35 motion based on substantial assistance motivated him to plead guilty and cooperate. Id.

The United States responds that the provision in the plea agreement concerning its right to advise the Court concerning the nature and extent of Defendant's cooperation, is not a promise that such would occur (# 88, at 5). In fact, the government asserts that Defendant did *not* fully cooperate, "nor did his cooperation warrant the filing of a Rule 35 motion." Id.

It is apparent from the plain language of the plea agreement that the United States did not make an explicit promise to Defendant to file a Rule 35 motion to reduce his sentence based on his substantial assistance. The language in Defendant's plea agreement is the standard form found in all plea agreements in this

District; it has never been held to be an explicit promise of a Rule 35 motion. Moreover, the undersigned has read the transcript of Defendant's guilty plea hearing, at which Judge Copenhaver closely questioned him as to whether the United States had made any promises regarding his sentence other than those contained in the plea agreement. Defendant answered, "I don't think I was made a promise, Your Honor." (# 65, at 30.)

The undersigned proposes that the presiding District Judge **FIND** that the United States did not breach the plea agreement as alleged by Defendant.

Turning to Defendant's contention that he was denied effective assistance of counsel because his attorney did not object to the government's alleged breach of the plea agreement, it is plain that this claim is meritless.

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. Id., at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id. at

5

688-89.

    In order to meet the first prong, a defendant

> must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 690.

    The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, a defendant must show that he would not have pled guilty but for counsel's incompetence. Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1989). The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Strickland, 466 U.S. 697.

    Defense counsel's objections resulted in a reduction of Defendant's criminal history to his substantial benefit. Because the United States did not breach the plea agreement, it cannot be said that defense counsel was ineffective for failing to raise that

6

issue. Accordingly, the undersigned proposes that the presiding district judge **FIND** that Defendant was not denied effective assistance of counsel as to his first ground for relief.

### B. Alleged Booker violation.

Defendant's second ground for relief argues that his sentence should have been based solely on the quantity of cocaine to which he pled guilty, without consideration of relevant conduct, and that his attorney was ineffective for failing to make this argument (# 83, at 3-5). He contends that "the jury's finding was 13.9 grams of cocaine." Id., at 4. [Emphasis in the original.] The court notes that there was no jury finding, as Defendant entered a guilty plea. Defendant relies on the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

The United States responds that "defendant's allegations that his sentence exceeded the required guideline range is a matter that was raised on appeal." (# 88, at 4.) In support of this contention, the government attached a copy of the brief it filed in the Fourth Circuit, which indeed addresses the reasonableness of Defendant's sentence. (# 88, Ex. A.)

The Fourth Circuit's decision affirming Defendant's sentence states, in pertinent part, as follows:

> Our review of the record makes clear that the district court considered the guideline range as advisory and considered the factors set out in [18 U.S.C.] § 3553(a) in determining Stallings' sentence. We conclude that his sentence is reasonable.

7

United States v. Stallings, 155 Fed. Appx. 662, 663 (4th Cir. 2005).

As noted above, during the guilty plea hearing, Judge Copenhaver questioned Defendant extensively about promises made to him, and Defendant expressed his hope that he would be sentenced solely for the quantity of cocaine to which he pled guilty. (# 65, at 26-29.) However, after being thoroughly advised as to the meaning of "relevant conduct," Defendant acknowledged that he was not promised a sentence based on that quantity. Id., at 30-31.

It is apparent that Defendant's second ground for relief is a restatement of the issue which was raised by his counsel on direct appeal. As argued by the government, a defendant cannot relitigate issues previously rejected on direct appeal, absent a change in the law. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

The undersigned proposes that the presiding District Judge **FIND** that Defendant's second ground for relief was previously raised on direct appeal, and was rejected. Obviously, Defendant's assertion that his counsel failed to raise the claim is false.

## C. Request for reduced sentence.

Defendant's third ground for relief is based on his contention that he cooperated with law enforcement, and gave them names of "big shots," but no one asked Judge Copenhaver to reduce his sentence in recognition of his assistance. (# 83, at 5.) He

argues that a district judge has the power, in the absence of a Rule 35 motion, to depart downwardly. Id.

The government's response asserts that Judge Copenhaver "took all factors into consideration prior to imposing a sentence which was at the low end of the guideline range." (# 88, at 5.)

Upon review of the transcript of the sentencing hearing, it is apparent that Judge Copenhaver gave Defendant and his counsel ample opportunity to argue for leniency, which they did. (# 57, at 7-11, 15-21.) Judge Copenhaver commented:

> [D]espite the lack of any convictions except that one that took place ten years ago, you've nevertheless been engaged in drug trafficking for several years. And that, too, needs to be taken into account, and, of course, it's the reason that under the advisory guidelines your sentencing is at the range where it is, under those advisory guidelines, of 108 to 135 months.
>
> The Court, after taking into account all those factors that are set forth in Title 18, United States Code, Section 3553(a), and that which is set forth in the presentence report as well, has concluded that the guideline range in your case is about right, and has concluded to sentence you to a term of nine years.

Id., at 21.

Judge Copenhaver's reference to the presentence report is significant, because the report sets forth Defendant's objections, in which he denied being advised of his Miranda rights, and dealing in the quantities of cocaine with named individuals as set forth in his confession. These objections were withdrawn at the sentencing hearing, but it is plain that the United States was appropriately skeptical of Defendant's "cooperation." Under the circumstances,

it was certainly reasonable for Defendant's attorney not to request a downward departure based on Defendant's cooperation.

Thus, the undersigned further proposes that the presiding District Judge **FIND** that Defendant is entitled to no relief on his claims that he should have received a reduced sentence and that he was denied effective assistance of counsel.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's section 2255 motion (# 83).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Nalone Stallings, and to transmit it to counsel of record and to Judge Copenhaver.

|  April 12, 2007  | *Mary E. Stanley* |
|---|---|
| Date | Mary E. Stanley |
|  | United States Magistrate Judge |

11