UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**NALONE STALLINGS,**

       **Movant,**

vs.                                 CIVIL ACTION NO.  2:06-0845
                                        (Criminal Action No. 2:04-00176)
**UNITED STATES OF AMERICA**

       **Defendant**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the movant's "MOTION FOR RECONSIDERATION OF COURT'S APRIL 12, 2007, ORDER; AND ALLOW DEFENDANT TO PROCEED OUT OF TIME TO RESPOND TO MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION, PURSUANT TO FEDERAL RULES AND CIVIL PROCEDURE, RULE 59(e)" ("motion for reconsideration"), filed October 18, 2007.

On October 2, 2006, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On April 12, 2007, the United States Magistrate Judge, Mary E. Stanley, entered her Proposed Findings and Recommendation.  The magistrate judge recommended that movant's section 2255 motion be denied.  The Proposed Findings and Recommendation contained the following admonition:

The parties are notified that this Proposed Findings

>     and Recommendation is hereby FILED, and a copy will be
>     submitted to the Honorable John T. Copenhaver, Jr.,
>     United States District Judge.  Pursuant to the
>     provisions of Title 28, United States Code, Section
>     636(b)(1)(B), Rule 8(b) of the Rules Governing
>     Proceedings in the United States District Courts Under
>     Section 2255 of Title 28, United States Code, and Rule
>     45(c) of the Federal Rules of Criminal Procedure, the
>     parties shall have ten days (filing of objections),and
>     then three days (mailing/service), from the date of
>     filing this Proposed Findings and Recommendation within
>     which to file with the Clerk of this Court, specific
>     written objections, identifying the portions of the
>     Proposed Findings and Recommendation to which objection
>     is made, and the basis of such objection. Extension of
>     this time period may be granted for good cause shown.
>     Failure to file written objections as set forth above
>     shall constitute a waiver of de novo review by the
>     District Court and a waiver of appellate review by the
>     Circuit Court of Appeals. . . . .

(PF&R at 10-11).

On May 10, 2007, the court adopted the magistrate judge's recommendation.  On June 18, 2007, movant noticed his appeal from the May 10, 2007, Judgment.  On September 11, 2007, the court of appeals dismissed the appeal, observing movant had "waived appellate review by failing to timely file specific objections after receiving proper notice."  United States v. Stallings, No. 07-6954, slip op. at 2 (4th Cir. Sept. 11, 2007). On October 15, 2007, movant petitioned for rehearing.  The court of appeals has not yet ruled on the petition.

Inasmuch as the mandate has not issued, the court lacks subject matter jurisdiction to entertain the motion for reconsideration.  The court, accordingly, ORDERS that the motion for reconsideration be, and it hereby is, denied without prejudice.[1]

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: November 21, 2007

John T. Copenhaver, Jr.
United States District Judge

---

[1] **Absent a lack of jurisdiction, the court would likely be bound by the mandate rule:**

> In general, once a case has been decided on appeal and a mandate issued, the lower court may not deviate from that mandate but is required to give full effect to its execution.  This "mandate rule" is a more powerful version of the law of the case doctrine and is based on "the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system." . . . "[F]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.' " Under the mandate rule, therefore, a lower court generally may not consider questions that the mandate has laid to rest.

Invention Submission Corp. v. Dudas, 413 F.3d 411, 414-15 (4th Cir. 2005).